NO. 07-03-0514-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 3, 2005


______________________________



DYLON JAY CARTER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15537-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN, C.J., and REAVIS, J. (1)

 In appealing his conviction for aggravated assault with a deadly weapon, appellant
Dylon Jay Carter contends that the evidence was legally and factually insufficient for the
jury to have found that he did not act in self-defense. We affirm the judgment of the trial
court.

 On June 6, 2003, appellant was involved in a fight with Darrell Faircloth at a club in
Amarillo. While he asserted that he stabbed Faircloth in self-defense, a witness (a bouncer
at the club), testified that appellant went to his vehicle and emerged with a knife. (2) So too
did the bouncer state that he attempted to dissuade appellant from doing anything with the
knife. However, to these entreaties, appellant allegedly replied: "No man, this ain't right. 
I don't deserve this. He needs to get what he deserves." At that time, Faircloth and his
friend were 15 to 20 yards away and were not approaching appellant. Nonetheless,
according to the bouncer, appellant ran towards Faircloth and began hitting and stabbing
him. 

 When a defendant raises self-defense, the State is required to prove the elements
of the offense beyond a reasonable doubt and persuade the jury that the defendant did not
act in self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). 
Additionally, a person is justified in using deadly force against another 1) if he would be
justified in using force under §9.31 of the Texas Penal Code, 2) if a reasonable person in
the actor's situation would not have retreated, and 3) when and to the degree he
reasonably believed that the deadly force was immediately necessary to protect himself
against the other's use or attempted use of unlawful deadly force. Tex. Pen. Code Ann.
§9.32(a)(1), (2) & (3)(A) (Vernon 2003). 

 At bar, evidence appears of record indicating that though another may have initially
assaulted appellant, the latter retreated to his car to obtain a knife and returned to the fray
with it. While both appellant and Faircloth offered testimony contradicting this version of
events, the testimony nonetheless constituted some evidence upon which a rational juror
could reasonably conclude, beyond reasonable doubt, that appellant committed assault
with a deadly weapon. In other words, such a juror could have rationally concluded that
a reasonable person, under the circumstances, would not have believed that the use of
deadly force was immediately necessary because appellant had the opportunity to retreat
when he went to his car and was no longer under attack. Thus, some evidence supports
the jury's verdict. 

 Next, that the evidence supporting the verdict was contradicted by other testimony
simply created an issue of fact for the jury to resolve. Saxton v. State, 804 S.W.2d 910,
913-14 (Tex. Crim. App. 1997) (stating that the jury is free to accept or reject the
defendant's evidence). It remained free to accept the bouncer's version of events and
reject those proffered by appellant and Faircloth, and doing so does not render the verdict
manifestly unjust.

 Accordingly, both legally and factually sufficient evidence supports the verdict, and
we affirm the judgment of the trial court.


 Per Curiam


Do not publish.
1. Chief Justice Johnson did not participate in this opinion.
2. Faircloth testified that he did not see appellant go to his vehicle and there were no bouncers trying
to stop the fight. 



Priority="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00152-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
17, 2010

 



 

KANAYO EUGENE UBESIE, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT OF NAVARRO
COUNTY;

 

NO. 61,354; HONORABLE JOHN JACKSON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Appellant,
Kanyao Eugene Ubesie, Jr.,
has filed notice of appeal of his conviction by jury of the offense of driving
while intoxicated, and sentence of 180 days confinement in the Navarro County
Jail and $1,000 fine.  The sentence of
incarceration was suspended and appellant was placed on community supervision
for a period of two years.  The clerk=s record was filed on April 30,
2010.  Included within the clerks record
is the trial courts certification of defendants right of appeal.

Texas
Rule of Appellate Procedure 25.2(a)(2) requires that a
trial court shall enter a certification of defendant=s right of appeal each time it enters
a judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2); Hargesheimer v.
State, 182 S.W.3d 906, 911 (Tex.Crim.App.
2006).  An appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under the applicable rules.  Tex. R. App. P. 25.2(d).  An appellate court that has an appellate
record that includes a certification is obligated to review the record to
ascertain whether the certification is defective.  Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005).  

Pursuant
to an amendment to Rule 25.2(d), which became effective on September 1, 2007,
the certification of defendant=s right of appeal shall include a
notice that the defendant has been informed of his rights concerning appeal, as
well as his right to file a pro se petition for discretionary review.[1]  

The
certification contained in the clerk=s record in this case states that this was not a plea-bargain
case, and that appellant has the right of appeal.  However, the certification does not reflect
whether a copy of the certification was given to appellant, and does not
include the written admonishments that must be given to appellant.  Therefore, the certification on file is
defective.

Consequently,
we abate this appeal and remand the cause to the trial court for further
proceedings.  Upon remand, the trial
court shall utilize whatever means necessary to secure a certification of
defendant=s right of appeal that complies with
Rule 25.2(d).  Once properly executed,
the certification shall be included in a supplemental clerk=s record and filed with the Clerk of
this Court on or before October 11, 2010.

This
order constitutes notice to all parties of the defective certification,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 37.1.  If a
supplemental clerk=s record containing a proper
certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal.  See
Tex. R. App. P. 25.2(d).

It is so
ordered.

Per Curiam

Do
not publish.  











[1] The proper form for Certification of
Defendant=s Right of Appeal is contained in
Appendix D of the Texas Rules of Appellate Procedure.